UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Laurie A. Garrison, on behalf of herself and other current and former employees similarly situated,

Plaintiffs,

vs.

The Prudential Insurance Company of America,

Defendant.

**STIPULATION AND ORDER**

Court File No. 00-699 (DSD/JMM)

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, subject to the approval of the Court, that:

A. This Stipulation and Order governs the treatment of deposition or other testimonial discovery, documents, copies of documents, interrogatory answers, responses to requests to admit and other written matter ("discovery material") produced by or obtained from any party or non-party (the "producing person") in this action that is designated confidential by the producing person in accordance with the procedures set forth below.

B. Any producing person may designate as confidential any discovery material which contains or discloses trade secrets, information relating to prior litigation that is subject to a previously existing confidentiality order or agreement, forecasts or strategies, appraisals, valuations, proprietary research, commercial or financial records, personnel or employment records concerning individuals other than Plaintiff, or other information considered by the producing person to be personal or private in character, or commercially or personally sensitive. Such a designation shall be made in good faith.

FILED AUG 30 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

All discovery materials so designated, copies of all designated materials, and all information derived therefrom shall be referred to in this Stipulation and Order as "Confidential Discovery Material" and shall be handled in accordance with the terms of this Stipulation and Order.

C. Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and may not be used in any other action or proceeding. Such material may be disclosed only under the circumstances and to the persons specifically provided for in this and subsequent court orders, or with the explicit consent in writing of the producing person with respect to specifically identified Confidential Discovery Material.

D. Confidential Discovery Material copies or originals that are delivered to a party to this action or otherwise leave the possession of the producing person shall be so designated by marking or stamping it "Confidential." With respect to multi-page documents that contain Confidential Discovery Material, the designation may be made by marking only the first page thereof "Confidential" so long as such multi-page documents are securely bound. With respect to deposition or other testimonial discovery, the designation of all or a portion of the discovery shall be made at the time the testimony is given and identified as such by the court reporter or other officer recording the testimony.

E. Confidential Discovery Material designated as "Confidential" or information derived therefore may only be disclosed or made available to the following persons absent written consent from the producing person or Order of the Court:

1. Outside litigation counsel appearing on the pleadings in this action and attorneys, clerical, paralegal and secretarial staff employed by such counsel, provided, that

the signature on this Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;

2. Experts or consultants retained in good faith to assist counsel in this litigation, provide that counsel believes in good faith that the individual will testify as an expert or assist counsel in that capacity and informs each such expert of the terms and conditions of this protective order upon making such disclosure;

3. The parties, including Defendant's managers, officers and directors, provided that they acknowledge by signature of counsel on this Stipulation that they are bound by this Stipulation and Order;

4. The Court, pursuant to Paragraphs F and G of this Stipulation and Order;

5. Employees of outside copy services used to make copies of discovery materials;

6. Witnesses deposed in this action or who appear at any hearing in this action, but only to the extent disclosure occurs during such deposition or hearing, provided, that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Order;

7. Witnesses who generated, received or are identified in the Confidential Discovery Material, provided, that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Order; and,

8. Court reporters who record testimony taken in the course of this litigation.

Each person identified above provided Confidential Discovery Materials shall indicate his/her agreement to adhere to the terms and conditions agreed upon herein by signing an agreement to be bound.

G. The production of any information, document or thing without it being marked "Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice.

H. This Stipulation and Order has no effect upon, and its scope shall not extend to, any producing person's use of its own Confidential Discovery Material.

I. Any party receiving Confidential Discovery Material shall have the right to challenge any designation of confidentiality by the producing person by seeking an order of the Court with respect to information, documents or things designated as "Confidential." On any such application, the burden of proof shall be on the producing person and shall not be affected by this Stipulation and Order. All parties receiving such materials or information shall respect the propriety of the designation during the pendency of such motion. The parties agree that before seeking any relief from the Court under this Paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any such material. The parties further agree to make reasonable efforts to have all confidential material filed under seal with the Court.

J. After the termination of this proceeding, this order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions. This agreement may be modified or terminated by agreement of the parties or order of the Court.

K. Within thirty days after the conclusion of this litigation, all Confidential Discovery Material supplied by a producing person and all copies thereof (including without limitation, copies provided to testifying or consulting experts) shall be returned to the producing person. The attorneys for each party shall be allowed to retain one copy of the Confidential Discovery Material in their files. All materials so retained shall remain subject to the terms of this_stipulation. If the return of any of the Confidential Discovery Material is not practical or the material has been altered to the extent that it contains information protected by the attorney-client privilege or attorney work product doctrine, the materials may be destroyed rather than returned as otherwise agreed.

L. The production of any documents or other information during discovery in this action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of the Federal Rules of Civil Procedure, and no party shall be held to have waived any rights by such production.

Dated: 8/22/00

NICHOLS KASTER & ANDERSON

By_______________________

James H. Kaster #53946
Tiffany A. Sanders #260514
4644 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919

Lawrence M. Shapiro #130886
1060 Colonnade
5500 Wayzata Boulevard
Minneapolis, MN 55416
(952) 542-1716

ATTORNEYS FOR PLAINTIFFS

Dated: August 24, 2000

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: Thomas C. Kayser

Charles O. Lentz #168403
Thomas C. Kayser #5415X
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8558

Dated:

PROSKAUER ROSE L.L.P.

By ____________________
Neil H. Abramson #NA-0889
1585 Broadway
New York, NY 10036
(212) 969-3001

ATTORNEYS FOR DEFENDANT

DATE: 8/30/00

**SO ORDERED:**

____________________
The Honorable John M. Mason
Magistrate Judge of District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.