UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAURIE A. GARRISON, on behalf of herself and other current and former employees similarly situated,

Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant.

CIVIL NO. 00-699 (DSD/JMM)

**AMENDED** PRETRIAL SCHEDULING ORDER

**Pursuant to the Parties' Joint Motion to Amend the Pretrial Scheduling Order [Docket No. 19],** and pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Upon joint application of the parties, the Court has determined that pretrial proceedings in this matter shall proceed in two phases. During the first phase, the matter will proceed as if it involves only a single plaintiff. At the conclusion of the first phase, the parties will submit dispositive motions. Thereafter, the case may enter the second phase.

**SCHEDULING ORDER FOR PHASE ONE**

Pleadings/Disclosures

August 1, 2000 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed.

Filed NOV - 7 2000
Francis E. Dosal, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

August 1, 2000 - All motions which seek to amend the pleadings or add defendants must be served and filed. (The time for a Plaintiff to file a consent to join this action is not governed by this provision).

Discovery/Nondispositive Motions

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made by all parties as follows:

October 1, 2000 - Initial Reports
November 1, 2000 - Rebuttal Reports

**January 1, 2001** - All discovery of any kind shall be commenced in time to be completed by this date.

**January 1, 2001** - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

**March 1, 2001** - All dispositive motions shall be served and filed by the parties and heard by the Court. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Connie Baker, (612) 664-5063. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

General

No more than 15 depositions shall be taken by any party.

No more than 25 Interrogatories, unlimited Document Requests and 25 Requests for Admissions (including all subparts) shall be served by any party.

Each party may depose no more than 2 experts.

## SCHEDULING ORDER FOR PHASE TWO

Pleadings/Disclosures

May 1, 2001 - All Motions relating to desired Notice to potential class members shall be served by the parties.

Discovery/Nondispositive Motions

October 1, 2001 - All Rule 35 medical examinations (if any) shall be completed.

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made by all parties as follows:

October 1, 2001 - Initial Reports
November 1, 2001 - Rebuttal Reports

January 1, 2002 - All discovery of any kind shall be commenced in time to be completed by this date.

January 1, 2002 - Deadline for all potential Plaintiffs to file a consent to join the action as a party plaintiff and "opt in" to the action. (The parties have Stipulated and Agreed that any Plaintiff who files a timely consent to join this action as a party Plaintiff will be deemed to have filed that consent, and to have "opted in" to this action as of August 1, 2000, for purposes of considering the statute of limitations and related issues.)

January 5, 2002 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

February 1, 2002 - All dispositive motions shall be served and filed by the parties. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Connie Baker, (612) 664-5063. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than April 1, 2002. The parties estimate that trial of this Jury matter will take more than one week.

General

The Court does not expressly alter or establish the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g)(2). If necessary, the Court will rule on objections to specific discovery. See also Rule 26(g)(3) and Rule 37(a)(4).

Each party may depose no more than 2 experts.

Each party may call no more than 2 experts at trial.

Dated: November 6, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

The Court has accepted the extended dates jointly proposed by the parties as to the first phase of this litigation. It is to be hoped, however, that all of the time requested will not be necessary. In any event, the Court is not persuaded that any change in the Order should be made as it relates to Phase II of the litigation, nor that there will be any need for any future changes in this Amended Scheduling Order.

J.M.M.