UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAURIE A. GARRISON, on behalf of herself and other current and former employees similarly situated,

CIVIL NO. 00-699 (DSD/JMM)

Plaintiff,

v.

ORDER

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant.

This matter is before the Court on the Joint Stipulation and Motion for Modification of the Amended Pretrial Scheduling Order [Docket No. 31]. The matter was submitted for determination on the written pleadings.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Joint Stipulation and Motion for Modification of the Amended Pretrial Scheduling Order [Docket No. 31] is denied.

Dated: February 5, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

This case was commenced on March 17, 2000, by the filing of a Class Action Complaint alleging violations of overtime pay requirements under the Fair Labor Standards Act. The Parties agreed, and this Court ordered, that "pretrial proceedings in

FEB 05 2001
CLERK

this matter shall proceed in two phases. During the first phase, the matter will proceed as if it involves only a single Plaintiff. At the conclusion of the first phase, the parties will submit dispositive motions. Thereafter, the case may enter the second phase" concerning the class action allegations. Pretrial Scheduling Order, Docket No. 17.[1]

The conclusion of the first phase is thus necessary in order for the second phase to proceed. Accordingly, the Court fixed time limits for the presentation of Dispositive Motions: Discovery was required to be commenced in time to be completed by December 1, 2000; dispositive motions were required to be filed by the parties and heard by the Court by February 1, 2000. Pretrial Scheduling Order, Docket No. 17.

Approximately one month prior to the December 1, 2000 deadline, the Parties filed a Joint Motion, on Stipulation, to Modify the Pretrial Scheduling Order. Docket Nos. 18 and 19. This Court granted the Motion in part. An Amended Pretrial Scheduling Order was issued on November 6, 2000, with the following requirements: Discovery was required to be commenced in time to be completed by January 1, 2001; dispositive motions were required to be filed by the parties and heard by the Court by March 1, 2001. Amended Pretrial Scheduling Order, Docket No. 21. This Court denied the Motion insofar as it sought to postpone dates as to the class action in Phase II of this litigation. In a Memorandum accompanying that Order, this Court observed:

---

1

The parties further agreed, and this Court ordered, that if the case proceeded as a class action, "any Plaintiff who files a timely consent to join this action as a party Plaintiff will be deemed to have filed that consent, and to have 'opted in' to this action as of August 1, 2000, for purposes of considering the statute of limitations and related issues." Pretrial Scheduling Order, Docket No. 17.

> "The Court has accepted the extended dates jointly proposed by the partes as to the first phase of this litigation. It is to be hoped, however, that all of the time requested will not be necessary. In any event, the Court is not persuaded that any change in the Order should be made as it relates to Phase II of the litigation, nor that there will be any need for any future changes in this Amended Scheduling Order."

Amended Pretrial Scheduling Order, Docket No. 21, p.4.

Defendant served its Motion for Summary Judgment and supporting pleadings on January 16, 2001. The Motion presently before the Court seeks an Order which would extend the time for Plaintiff to respond to this Motion to a date "within 28 days from the Court's Order on Plaintiffs' pending Motion to Compel Discovery" with the Reply pleadings served 16 days thereafter. It would indefinitely postpone the March 1 deadline for the hearing on the dispositive motion. If this Motion were granted, it would have the effect of creating uncertainty as to the actual schedule, and would cause unwarranted delays in the completion of Phase I, and the commencement of Phase II of this litigation.

The Parties do not provide reasons why the deadlines should be extended as requested in the Motion presently before the Court. The Motion must be denied upon that ground alone. See Local Rule 16.3(a): "Once the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown." No cause is provided in moving papers, and the Court does not independently ascertain good cause. Particularly in this case, where delays in Phase I will cause delays in Phase II, and where the Court has already articulated the need for adherence to the Pretrial Scheduling Order, the failure to articulate good cause for the modification of the pretrial scheduling Order requires that this Motion be denied.

Even if we were to hypothesize the arguments in support of the Motion, we do not find that good cause exists. It is possible that the Parties believe that Plaintiff's

response to the pending dispositive motion should be delayed because, if the Court grants the Motion to Compel, Plaintiff will obtain information which will be useful in opposition to the dispositive motion. We conclude that the Rules provide a remedy for Plaintiff if these or similar circumstances are present. Rule 56(f) of the Federal Rules of Civil Procedure provides the method for a Party to oppose a Motion for Summary Judgment when it is not prepared to respond factually. It states:

> "Should it appear from the affidavits of a party opposing the motion that the party cannot *for reasons stated* present by affidavit *facts essential to justify the party's opposition,* the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (Emphasis supplied.)

In other words, "rule 56(f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." 10A Charles A. Wright, *et al.*, Federal Practice & Procedure § 2740 at 530 (2d ed. 1983 & Supp. 1995). Rule 56(f) requires that the Plaintiff submit affidavits which state justifiable reasons why she could not submit the necessary Rule 56(e) opposing materials to a Motion for Summary Judgment, and to set forth the evidence which the party expects to develop.

> "A party invoking [the protections of Rule 56(f)] must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."

Willmar Poultry Co. v. Morton-Norwich Prods., Inc., 520 F.2d 289, 297 (8th Cir. 1975), cert. denied, 424 U.S. 915 (1976). Accord Humphreys v. Roche Biomedical Lab, Inc. 990 F.2d 1078, 1081 (8th Cir. 1993).

We also make these observations. Plaintiff was certainly aware of the need to commence all discovery in time to be completed by the extended deadline of January 1, 2001. The Motion seeking this discovery was not made until December 29, 2000, although the alleged refusal of the discovery arose much earlier. The Motion seeking the discovery did not seek to substantiate that the information sought by the Motion was required in order to respond to the dispositive motion, and the issue was not presented for decision at the January 19, 2001 hearing. If the Court were to adopt the proposal that Plaintiff's response to Defendant's Motion be extended to a date "28 days from the Court's Order on Plaintiff's pending Motion to Compel Discovery" there is no assurance that this deadline could be met either, because of disputes or appeals which could follow from that decision.

J.M.M.