UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAURIE A. GARRISON, on behalf of herself and other current and former employees similarly situated,

CIVIL NO. 00-699 (DSD/JMM)

Plaintiff,

v.

ORDER

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant.

The above matter came on for hearing before the undersigned on January 19, 2001 upon Plaintiff's Motion to Compel Discovery and for Sanctions [Docket No. 22]. James H. Kaster, Esq. appeared on behalf of Plaintiff; Neil Abramson, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery and for Sanctions [Docket No. 22] is denied in all respects.

Dated: February 7, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

This discovery dispute arises in the context of an action brought under the Minnesota Fair Labor Standards Act, and the Federal Fair Labor Standards Act. Minn.

FEB 07 2001
... CLERK

Stat. §§ 177.21, et seq. (1999) and 29 U.S.C. §§ 201 et seq. Under those Acts, employees are entitled to receive overtime pay under some circumstances, unless they are employed in a position which is exempt from that requirement. Plaintiff had been a non-exempt employee of Defendant. The Company reclassified her position as being exempt. Plaintiff challenges that reclassification, and seeks recovery of overtime pay.

The Motion of Plaintiff presently before the Court seeks an Order requiring that Defendant produce certain documents, and it seeks the imposition of substantial sanctions against Defendant.

**A. The Motion for Sanctions**

The Motion for Sanctions asks the Court to impose sanctions pursuant to the provisions of Rule 37(d)(2) of the Federal Rules of Civil Procedure. The requested sanctions basically would provide that Plaintiff shall prevail in her action against Defendant.[1]

The discovery underlying this Motion is Interrogatory No. 3, the Response of Defendant to that Interrogatory, and the verification.[2] The Interrogatory asked Defendant

---

1 Plaintiff's Motion asks the Court to determine:

> "(A) That Prudential's change in exemption classification for Garrison's position as Claims Team Leader/Administrative Supervisor was in violation of the FLSA and the MFLSA shall be taken as an established fact in this matter;
> (B) Prudential shall be precluded from opposing Garrison's claims and precluded from supporting its defenses; and
> (C) Prudential's defenses in its Answer shall be stricken and judgment by default shall be entered in favor of Garrison."

2 The complete text of the Interrogatory, Response, and Verification are reprinted in Appendix One.

to "describe with specificity Defendant's basis for its classification [of positions] as exempt or non-exempt." Defendant objected on attorney-client privilege and work-product grounds, and then provided a narrative explanation of its reasoning. The verification of all responses was made by JoAnn Verderese, on information and belief "based on personal knowledge, records of The Prudential Insurance Company of America and conversations with others." Ms. Verderese is Vice President, Corporate Compensation for Defendant. At her deposition, she testified that she had no personal knowledge as to this particular answer, and in answering had relied upon, among other things, conversations and written communications from her attorneys.

Plaintiff now seeks sanctions under the provisions of Rule 37(d)(2).[3] Although the basis of the Motion is not entirely clear from Plaintiff's pleadings, it appears that she contends that the Court should treat Interrogatory No. 3 as if it had not been answered, and then impose the sanctions. Plaintiff argues that the person verifying "testified she has neither personal knowledge nor documents to verify Prudential's response to Interrogatory No. 3" and that "the only basis she had for verifying the accuracy of Prudential's response to Interrogatory No. 3 was communications with counsel." Since

---

3 The Rule reads as follows: "(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

Defendant will not provide the documents which contain that legal advice, nor testimony as to its substance, Plaintiff argues, the answer should be treated as a nullity, thus warranting the imposition of sanctions under Rule 37(d)(2). Beyond the statement of its argument, Plaintiff's Memorandum does not provide legal analysis nor citation to authority in support of its point of view. Plaintiff did not offer further support for the Motion at oral argument.

Defendant offered a comprehensive response to this part of Plaintiff's Motion seeking sanctions, demonstrating numerous factual and legal reasons why the Motion should be denied, portions of which we quote in Appendix Two. Sanctions are not warranted under any construction of the law or facts.

The officer verifying responses to any Interrogatories is not required to have personal knowledge of the information provided. This makes particular sense when the Interrogatory is in the nature of a "contention Interrogatory" like the one presently before the Court.

The issues before the Court in this case will include the question of whether the standards used for determining exempt/non-exempt status were authorized by law, and if so, whether those standards were properly applied to Plaintiff's position under the facts of this case. Interrogatory No. 3 inquired only as to the first part of that equation, asking for the "basis" or principles used in determining whether a position would be classified as exempt or non-exempt. The response provided that information.

**B. The Motion to Compel Production of Documents**

The Motion seeks an order requiring production of "all documents provided to, or received from counsel regarding Prudential's change in exemption classification that

became effective on or about March 16, 1998." Plaintiff seeks the production of documents in response to Document Requests Nos. 26, 37 and 38, which read as follows:

> Request No. 26 Produce all documents evidencing and/or pertaining to Defendant's exemption classification analysis performed in connection with Defendant's O&S Compensation Plan, effective March 16, 1998.
>
> Request No. 37 Produce all documents regarding the change in exemption classification, effective March 18, 1998, including but not limited to any documents pertaining in any way to the economic benefit to the company resulting from the change.
>
> Request No. 38 Produce all documents related in any way to the knowledge, work, or work product of all individuals listed in Defendants' Rule 26 Disclosures including JoAnn Verderese, Diane Alves, Michael Calabro, Pat Rodberg-Picken, Sandra Edwards, Shelly Triden, Bev Rohlik, and the various outside counsel who provided legal advice regarding Defendant's reclassification decision referenced in paragraph 7 of Plaintiff's Complaint.

Defendant produced some documents in response to these Requests, and withheld others based upon the attorney-client and work-product privilege. Documents withheld on this basis were listed on a privilege log. The proposed Order did not specifically identify the documents in dispute. After the hearing on the Motion, counsel for Plaintiff advised that they sought documents numbered 1 - 16, 24 and 25 on Defendant's Privilege Log.

Plaintiff contends that Defendant has waived its right to assert attorney-client or work-product privilege as to any responsive documents. Plaintiff relies upon Sedco Int'l v. Cory, 683 F.2d 1201, 1206 (8th Cir. 1982) for the proposition that an attorney-client privilege may be waived, and cites Baker v. General Motors Corp., 209 F.3d 1051, 1055 (8th Cir. 2000) for the proposition that the waiver may occur "when proof of a party's legal contention implicates evidence encompassed in the contents of an attorney-client

communication" and "when a client's testimony refers to a specific privileged document." While these abstract propositions of law are correct, Plaintiff has not substantiated that they may be applied to the facts in this case. Their argument, in its entirety, is as follows:

> "Here, Prudential has refused to produce documents provided to and received by counsel regarding Prudential's change in exemption classification of Garrison's position, which Prudential has placed at issue in the present case. Ms. Verderese, who by Prudential's representations has knowledge of the exemption classification changes and Prudential's basis for its changes, testified that she has no knowledge outside of discussions with and documents provided to and received from counsel. Yet, Prudential insists on asserting the attorney-client privilege. Prudential cannot have its cake and eat it too. They cannot rely on attorney-client communications to support its defense, yet claim privilege to avoid producing this evidence."

We believe Plaintiff misapprehends the evidence in this case. Defendant does not contend that the standards that it applies are correct because an attorney says so. They simply have described the standards they applied. Upon inquiry in a deposition by counsel for Plaintiff, a witness stated that the standards had their source in communications from an attorney. This does not implicate evidence encompassed in the contents of an attorney-client communication, nor does it refer to a specific document. Moreover, this testimony was given in response to questions concerning Defendant's responses to Interrogatory No. 3, not as to these Requests.

Plaintiff has not substantiated that Defendant has waived the attorney-client privilege as to the documents which are the subject of this Motion.

J.M.M.

## APPENDIX I

"Interrogatory No. 3 For each position identified in response to Interrogatory No. 1, describe with specificity Defendant's basis for its classification as exempt or non-exempt.

Response: Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege.

Notwithstanding these objections, and without prejudice thereto, Defendant responds that its exemption classification of the positions identified in Interrogatory No. 1 is based on the language of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the applicable regulations thereto. In particular, the FLSA exempts from its overtime requirements 'any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The positions of Claims Team Leader and Associate Manager are exempt under the executive exemption because: 1) the positions' primary duty involves the regular and customary exercise of judgment and discretion in the management of the enterprise or customarily recognized department or subdivision thereof; and 2) employees in these positions regularly direct the work of two or more employees. In addition the positions of Claims Team Leader and Associate Manager are exempt under the administrative exemption because: 1) the positions' primary duty involves the regular and customary exercise of judgment and discretion in the performance of office or non-manual work that is directly related to the management policies or business operations of the employer; and 2) employees in this position regularly exercise discretion and independent judgment."

***

Verification

"JoAnn Verderese, being duly sworn, deposes and says that she is Vice President, Corporate Compensation, for The Prudential Insurance Company of America; that she has read the foregoing responses to Plaintiff's interrogatories; and she believes that Response Nos. 3-11, 13 and 14 are true and correct to the best of her knowledge, information and belief. Deponent's knowledge or information and belief is based on personal knowledge, records of The Prudential Insurance Company of America and conversations with others."

**APPENDIX II**

"Plaintiff's motion is frivolous not only because it is wrong. More importantly, it is also frivolous because it seeks sanctions of a draconian nature -- indeed the capital punishment equivalent of civil sanctions -- without a single explanation why Prudential's response to interrogatory No. 3 (and only that interrogatory response) violates Rule 33 beyond the wholly conclusory and counter-factual statement that the response to interrogatory No. 3 was not made under oath and signed by the person making the answer.[1] Plaintiff has cited no decision because the decisional law – like the wording of Rule 33 itself – is clear; Rule 33 does not require that the corporate officer or agent answering the interrogatory have first hand knowledge of the information in the answer.

> The officer or agent has a duty to provide all information available to the corporation, but may sign and verify the interrogatories on the basis of knowledge, information and belief without first hand knowledge of the information in the responses.

James Wm. Moore et al., Moore's Federal practice ¶ 33.104[2] (3d ed. 2000) (summarizing cases); see also Shepherd v. Am. Broad. Co., 62 F.3d 1469, 1482 (D.C. Cir. 1995) ("Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by 'furnishing such information as is available to the party'"); Dial v. The Travelers Indem. Co., 780 F.2d 520, 525 (5th Cir. 1986) (interrogatory answer on behalf of

---

1 Notwithstanding plaintiff's certification of "good faith" plaintiff's counsel at no time prior to the motion mentioned that he believed the response to interrogatory No. 3 was untimely, let along that it would form the basis for a sanctions motion. (Abramson Decl. ¶ 5) Accordingly, Prudential -- like the court -- must bast its understanding of plaintiff's argument on this point only on the explanation (or lack thereof) provided in the moving papers. Moreover, plaintiff has not cited a single decision supporting its interpretation of Rule 33.

corporation by individual who expressly disclaimed personal knowledge of the answer is permissible because the answers acknowledged that the persons who provided the facts to the answering officer had stated them to be true; "[t]he law requires no more than this"); United States v. 42 Jars, More or Less, 264 F.2d 666, 670 (3d Cir. 1959) ("Under the amended rule the agent who answers on behalf of the corporation does not need to have personal knowledge"). This is precisely why the form of verification Ms. Verderese provided – in which she verified based on her own personal knowledge or her information and belief based on information provided by others – is proper under Rule 33. See, e.g., Moore's Federal Practice ¶ 33.104[2]."